# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2365 | **DATE** | August 27, 2010 |
| **CASE TITLE** | Pinkett v. First Citizens et al. | | |

**DOCKET ENTRY TEXT:**

The Court DENIES the Motion to Reconsider (doc. #59).

■[ For further details see below.]   Docketing to mail notice.

## STATEMENT

In May, the Court granted First Citizens Bank's Motion to Dismiss. In granting that motion, the Court held that Pinkett failed to state an EFTA claim against First Citizens because it was not the person extending credit to him. The Court then held that Pinkett could not state a claim against First Citizens under the Illinois Consumer Fraud Act because that claim was derivative of his EFTA claim against First Citizens. Pinkett asks the Court to reconsider its ruling regarding his Consumer Fraud Act claim.

Pinkett points to paragraphs 68-70 of his Amended Complaint as evidence that he has stated a Consumer Fraud Act claim against First Citizens. Specifically, in those paragraphs, Pinkett alleges that First Citizens made a loan in excess of the allowable rate, understated the interest rate, required the repayment of the loan through a convoluted series of transfers and accounts, and attempted unfairly to skirt bankruptcy regulations. As noted in the order, Pinkett's other allegations and the documents he attached to the pleadings indicated that *Norwest Capital* and not First Citizens was the entity that extended credit to Pinkett. Indeed, Paragraph 68(d) of the Amended Complaint quotes language from some of the loan documents that expressly states what Norwest Capital is authorized to do (and does not mention First Citizens at all). The Court held that Pinkett's allegation that Norwest Capital and First Citizens "acted in concert" was too conclusory to establish that First Citizens made a loan to him.

Pinkett points out that in Paragraphs 69-70 of the Amended Complaint he states that First Citizens was aware of Norwest Capital's usurious practices. But, so what? The fact of the matter is that Norwest Capital, and not First Citizens, issued the loan, and Pinkett makes no argument that First Citizens owed him some duty to prevent Norwest Capital's violation of the Consumer Fraud Act. Pinkett points to no legal authority to suggest

| STATEMENT |
|---|

that one bank may be liable under the Consumer Fraud Act for loans made by another bank simply because it was aware of the second bank's activity.

Moreover, First Citizens argued in its motion to dismiss that Pinkett's Consumer Fraud Act claims against it were derivative of his EFTA claims against it, and Pinkett made no response. He cannot now use a Rule 59(e) motion to raise arguments that he should have raised earlier. In his motion and the reply, Pinkett points to no additional facts or no misapprehension of the law to support his argument. *See United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).

The Court DENIES the Motion to Reconsider.

*Wm. J. Hibbler*